IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL PEREZ, #20005196, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:20-CV-3053-L-BK |
| DALLAS COUNTY JAIL, RESPONDENT. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On October 6, 2020, Petitioner Daniel Perez filed a *pro se* federal petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 3. As detailed here, the petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

### I. BACKGROUND

On June 18, 2020, upon Perez's guilty plea to two counts of unlawful possession of a controlled substance and one count of unlawful possession of a firearm by a felon, the state trial court deferred the adjudication of his guilt and sentenced him to two years' community supervision. *See State v. Perez*, Nos. F2051885, F2051886, F2051887 (282nd Jud. Dist. Ct., Dallas Cty., Tex. June 18, 2020); Doc. 3 at 1. The trial court subsequently modified the

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

conditions of community supervision in Case No. F2051885, requiring that Perez serve 180 days in the Dallas County Jail commencing on June 22, 2020.  *See* Nos. F2051885, June 22, 2020 Order.[2]  In his federal habeas petition, Perez now claims that his guilty plea was unlawfully induced and that he did not consent to plead guilty.  Doc. 3 at 2, 5.  He, thus, requests dismissal of all charges and immediate release from confinement.  Doc. 3 at 15.

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Perez has not satisfied the exhaustion requirement.  A review of his Section 2254 petition, and a search of the applicable state court online docket sheets confirm that he did not file a direct appeal or a state habeas application challenging his convictions.  As such, the Texas

---

[2] The Dallas County online docket sheet is available at: https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed October 7, 2020).

Court of Criminal Appeals has not had an opportunity to consider Perez's claims and, consequently, they remain unexhausted.[3]

### III. CONCLUSION

For the foregoing reasons, Perez's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. See 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[4]

**SO RECOMMENDED** on October 8, 2020.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] The Fifth Court of Appeals and Court of Criminal Appeals docket sheets are available respectively at the following links: https://www.txcourts.gov/5thcoa/ and http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed October 7, 2020).

[4] The one year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2254(d), applies to the instant petition and any other filed in this Court.